## WALTER H. GRAEF & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 5, 1903.)

No. 3,247.

1. CUSTOMS DUTIES—HAT BANDS.

Bands of cotton cloth woven in widths from 1 to 2½ inches, and in pieces of various lengths, with perfectly straight or plain selvedged edges or borders, imported in the piece, are not subject to duty as "trimmings," under Act Aug. 27, 1894, par. 276 (28 Stat. 530), but are taxable under paragraph 264 (28 Stat. 529), as manufactures of cotton in the piece, not specially provided for.

Albert Comstock, for appellant.
Charles D. Baker, Asst. U. S. Atty.

WHEELER, District Judge. The goods in question were imported under the act of August 27, 1894, which placed a duty, by paragraph 276 (28 Stat. 530), of 50 per cent. ad valorem on "laces, edgings, nettings and veilings, embroideries, insertings, neck rufflings, ruchings, trimmings, tuckings," composed of cotton, or other vegetable fiber, in chief value, and not specially provided for; and, by paragraph 264 (28 Stat. 529), of 35 per cent. ad valorem on "all manufactures of cotton, * * * in the piece or otherwise * * * not specially provided for." They were assessed by the collector as trimmings, under paragraph 276 (28 Stat. 530). The general appraisers found "that the goods in controversy are articles woven in widths from about one to two and one-half inches, and in pieces of various lengths, with perfectly straight or plain selvedged edges or borders. They are composed wholly or in chief value of cotton, in various colors; were generally known in the commerce of the United States on August 28, 1894, and immediately prior thereto and since, as 'hat bands,' or as 'hat trimmings,' and are expressly designed and chiefly used as bands, and otherwise, in trimming men's hats." And they held "that the goods, being chiefly used as 'trimmings,' and commercially known as such, are dutiable as assessed." But these goods in the piece are not trimmings, in fact. Something must be done to them or with them to make them such. Upon the evidence before the board, and the testimony taken in this court, these goods had not become so distinctively known as "trimmings" as to be included within the meaning of that single word, as used in that paragraph, and be thereby specially provided for.

Decision reversed.